UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GABRIELA DE LOS SANTOS-TAVERA,<br>    Plaintiff | : | |
| | : | |
| | : | CIVIL NO.: 3:11-cv-00636 (JCH) |
| v. | : | |
| | : | |
| CELEBRATION FOODS, LLC,<br>    Defendant | : | APRIL 30, 2012 |
| | : | |

## JOINT TRIAL MEMORANDUM

Pursuant to the Court's Trial Memorandum order in the above matter, the Plaintiff, Gabriella De Los Santos-Tavera, and the Defendant, Celebration Foods, LLC, by their respective counsel, hereby submit the following joint trial memorandum:

1.  **Trial Counsel:**

    For Plaintiff:    Emanuele R. Cicchiello
                      Michael T. Petela, Jr.
                      Cicchiello & Cicchiello, LLP
                      364 Franklin Avenue
                      Hartford, CT 06144
                      Telephone No. (860) 296-3457

    For Defendant:    Edward M. Richters,
                      Jackson Lewis LLP, 90 State House Square, 8th Floor
                      Hartford, CT 06103
                      Telephone No. (860) 522-0404

2.  **Jurisdiction:**    Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, and pendent jurisdiction of state law claims.

3.  **Jury/Non-jury:**    This is a jury case.

4.      **Nature of Case:**      Plaintiff's claims arise out of the termination of her employment in October 2009. The Complaint alleges the following claims:

|         |                                                                                                 |
|---------|-------------------------------------------------------------------------------------------------|
| Count 1: | Pregnancy discrimination in violation of Title VII |
| Count 2: | Pregnancy discrimination in violation of Conn. Gen. Statutes § 46a-60. |
| Count 3: | Denial of leave in violation of Family and Medical Leave Act |
| Count 4: | Retaliation in violation of Family and Medical Leave Act |
| Count 5: | Disability discrimination (pregnancy complications) in violation of the Americans with Disabilities Act. |

5.      **Stipulations of Fact and Law:**

    A.      **Stipulations of Fact:**

    1.      Defendant is a manufacturer, marketer and distributor of frozen desserts such as ice cream cakes and related products. It makes and distributes frozen desserts including Carvel Ice Cream brand novelties and desserts to supermarkets and other retail outlets around the county.

    2.      Plaintiff commenced employment with Defendant on or about September 3, 2008 as a Cake Decorator.

    3.      Plaintiff's employment with Defendant terminated on October 27, 2009.

    4.      Plaintiff was pregnant on October 27, 2009.

    B.      **Stipulations of Law:**      None

    C.      **Contested Issues:**

    1.      Whether Plaintiff resigned on October 27, 2009, or was involuntarily terminated.

    2.      Whether Plaintiff was discriminated against due to her pregnancy.

3.      Whether Plaintiff requested or was denied a medical leave.

4.      Whether the Plaintiff was retaliated against for requesting leave under the FMLA.

5.      Whether Plaintiff's pregnancy related medical issues constituted a disability under the Americans with Disabilities Act.

6.      Whether Plaintiff was discriminated against due to a disability.

**6.      Plaintiff's Contentions:**      The Plaintiff is pursuing claims that the Defendant wrongfully terminated her in violation of Title VII of the Civil Rights Act of 1964 (U.S.C. § 2000e *et seq.*) as amended, the Federal Family Medical Leave Act (29 U.S.C.§ 2601 et seq.), the Americans with Disabilities Act (42 U.S.C. § 12112), and the Connecticut Fair Employment Practices Act (Conn. Gen. Stat. § 461060.

**7.      Defendant's Contentions:**    Plaintiff voluntarily resigned in writing from her position as a cake decorator on October 27, 2010.  Following the birth of her child in February 2011, Plaintiff expressed interest in reemployment with Defendant, but never submitted an application for any open positions.

**8.      Legal Issues:**

1.      Whether Plaintiff's claims under Conn. Gen Statutes §46a-60 are barred by the applicable statute of limitations.

2.      Whether Plaintiff's ADA claim is barred for failure to exhaust her administrative remedies.

3.      Whether Plaintiff failed to mitigate her damages.

3

9.      **Voir Dire Questions:** Plaintiff's Proposed Voir Dire Questions are attached at Appendix A. Defendant's Proposed Voir Dire Questions are attached at Appendix B.

10.     **List of Witnesses:**

A.      **Plaintiff's Witnesses:**

1.      Plaintiff: Mrs. Santos-Tavera will testify and give a brief history concerning her employment background and general issues regarding same prior to the time of the subject wrongful termination and the facts and circumstances surrounding the events that took place on 10/27/09;

2.      Cleves DeSouza: Mr. DeSouza was the plant manager and will testify to the Plaintiff's employment, including the facts and circumstances surrounding the Plaintiff's termination. He will testify to the information regarding the Defendant Company's policies and practices.

3.      Beneranda Taveras: Ms. Taveras was a co-worker of the Plaintiff and will testify to the Plaintiff's employment, including the facts and circumstances surrounding the Plaintiff's termination.

4.      Angel Cyr: Angel was/is human resources manager for the Defendant Company. Angel Cyr will testify to plaintiff's employment and attempts to reapply for employment with the Defendant Company.

B.      **Defendant's Witnesses:**

1.      **Cleves DeSousa:** Will testify concerning department practices, his interactions with and treatment of the Plaintiff; Plaintiff's employment as a cake decorator; Plaintiff's prior leave; Plaintiff's attendance; and the circumstances Plaintiff's submission of a written resignation.

2.    **Ivonne Alvarez:**    Will    testify    concerning    department    practices,    her interactions with and treatment of the Plaintiff; Plaintiff's employment as a cake decorator; Plaintiff's prior leave; Plaintiff's attendance; and the circumstances Plaintiff's submission of a written resignation.

3:    **Angel Cyr:**   Will testify concerning human resources practices and policies; general treatment of pregnant employees by Defendant; her interactions with and treatment of the Plaintiff; Plaintiff's prior leave;   Plaintiff's attendance; the circumstances Plaintiff's submission of a written resignation; interactions with Plaintiff in 2012; Defendant's application process; Plaintiff's failure to apply for any open positions.

4.    **Nicholle West:**   Will testify concerning human resources practices and policies; general treatment of pregnant employees by Defendant; her interactions with and treatment of the Plaintiff; and Plaintiff's prior leave.

5.    **Erin Baisley:**   Will testify concerning human resources practices and policies; general treatment of pregnant employees by Defendant; her interactions with and treatment of the Plaintiff; Plaintiff's prior leave;   Plaintiff's attendance;   Defendant's application process; Plaintiff's failure to apply for any open positions.

6.    **Sandra Spencer:**    Will   testify   concerning   human   resources   practices   and policies; general treatment of pregnant employees by Defendant; her interactions with and treatment of the Plaintiff; Plaintiff's prior leave;   Plaintiff's attendance;   Defendant's application process; Plaintiff's failure to apply for any open positions.

11.   **Exhibits:**

A.   **Plaintiff's Exhibits.**

1.   Celebration Foods, LLC, Associate Handbook (July 2009);

**Objection:**   Defendant may object to the instruction of individual policies

based upon lack of relevance.

2.   Plaintiff application with defendant company;

3.   Defendant company employment calendar from 9/3/08 to 10/27/09;

4.   Medical Reports from Hospital of Central Connecticut from 3/30/09;

**Objection:**   Defendant may object to this document based upon lack of

relevance, lack of foundation and hearsay.

5.   Plaintiff injury report from Alliance Occupational Health for date of injury of

5/19/09;

**Objection:**   Defendant may object to this document based upon lack of

relevance, lack of foundation and hearsay.

6.   Plaintiff injury report from Alliance Occupational Health for date of injury of

7/1/09;

**Objection:**   Defendant may object to this document based upon lack of

relevance, lack of foundation and hearsay.

7.   Defendant Disability Due to Pregnancy Leave Notification and Information Dated

6/1/09;

**Objection:**   Defendant may object to this document based upon lack of

relevance.

8.    Hospital of Central Connecticut Outpatient Clinic Record, undated, regarding

Plaintiff unable to work on July 1, 2009.

**Objection:**    Defendant may object to this document based upon lack of

relevance, lack of foundation and hearsay.

9.    Plaintiff's Request for Time Off from Defendant from 12/19/08 to 9/28/09;

10.    Report from OBGYN Department of Hospital of Central Connecticut dated

10/27/09;

**Objection:**    Defendant may object to this document based upon lack of

relevance, lack of foundation and hearsay.

11.    Defendant Employer Progressive Discipline Report Form dated 10/26/09;

12.    Translation by Cleves DaSouza of Plaintiff's writing in Employer Progressive

discipline Report Form dated 10/26/09;

13.    Plaintiff's attendance records.

14.    Resignation of Employment Form dated 10/27/09;

15.    Unemployment Notice to Plaintiff dated 10/30/09;

16.    Defendant Discovery Responses dated 09/30/11;

**Objection:**    Defendant may object to this document based upon lack of

relevance.

17.    Defendant's CHRO Answer dated 10/7/10;

**Objection:**    Defendant may object to this document based upon lack of

relevance.

18.    Defendant's CHRO Position Statement dated 10/7/10;

      **Objection:**    Defendant may object to this document based upon lack of

relevance.

19.    EEOC Notice of Right to Sue dated 03/11/11;

20.    CHRO Release of Jurisdiction dated 03/11/11;


**B.    Defendant's Exhibits.**

1.    Progressive Discipline Report Form, dated 10/26/09.

2.    "To Whom it May Concern" note from Hartford Hospital Dept. OB-GYN.

3.    Resignation of Employment Form, signed by Plaintiff, dated 10/27/09.

4.    Orientation Form signed by Plaintiff, dated 9/3/08.

5.    Offer letter to Plaintiff, dated August 28, 2008.

6.    Interview form, by Erin Baisley.

7.    Handwritten note of Ivonne Alvarez, dated 3/9/10.

8.    Plaintiff's attendance records/Employee Calendar.

9.    Defendant's personnel policies/Associate Handbook.

10.    Associate Acknowledgement Form.

11.    Cake decorator job description.

12.    Plaintiff application for employment.

13.    Documents relating to 2010 electronic job postings.

14.    Plaintiff's Request for Time Off, dated 12/19/08, 12/29/08, 1/12/09, 8/26/09, 3/3/09, 4/4/09, 7/2/09, 8/3/09, 9/9/09,9/22/09, 9/28/09 .

15.    Letter to Plaintiff from Nicholle West, dated June 1, 2009.

16.    Excuse slip from Hospital of Central Connecticut, dated 10/5/09.

17.    Hospital of Central Connecticut Outpatient Clinic Record, undated, regarding Plaintiff unable to work on July 1, 2009.

18.    Typewritten note by Angel Cyr regarding 10/27/09 resignation by Plaintiff.

19.    Plaintiff's tax returns, 1099s and w-2s, 2009, 2010, 2011.

20.    Plaintiff's discovery responses.

21.    Notice to Employer of Hearing and Unemployment Compensation Claim, mailed 11/12/2009.


**Defendant's Exhibits To Which There Are Objections**


  **12.**    **Deposition Testimony:**   The parties do not expect to have any witness testify at trial by deposition.


**13.**    **Requests for Jury Instructions:**    Plaintiff's Requests for Jury Instructions are attached at Appendix C.   Defendant's Requests for Jury Instructions are attached at Appendix D, and Defendant's proposed Verdict Form is attached as Appendix E.


**14.**    **Anticipated Evidentiary Problems:** No motions in limine are being filed at this time.


**15.**    **Proposed Findings of Fact and Conclusions of Law:** Not applicable.


**16.**    **Trial Time:**   The parties estimate that this case will take approximately four trial days.

17.   **Further Proceedings:**       Other than any pre-trial or settlement pre-trial conferences,

the parties do not anticipate the necessity of any further proceedings prior to trial.

18.   **Election for Trial by Magistrate:**     The parties have not agreed to have the case tried by

a United States Magistrate.

THE PLAINTIFF, GABRIELLA DE LOS SANTOS TAVERA

By:   */s/ Michael T. Petela, Jr.*
      Michael T. Petela, Jr., Esq. (ct06503)
      Emanuele R. Cicchiello, Esq. (ct27118)
      Michael J. Reilly, Esq. (ct028651)
      Cicchiello & Cicchiello, LLP
      364 Franklin Avenue
      Hartford, CT 06114
      T – (860)296.3457
      F- (860)296.0676

THE DEFENDANT, CELEBRATION FOODS, LLC

By:   */s/ Edward M. Richters*
      Edward Richters, Esq.(ct08043)
      Jackson Lewis, LLP
      90 State House Square
      8th Floor
      Hartford, CT 06103
      Phone: (860) 522-0404
      Facsimile: (860) 247-1330

## CERTIFICATION OF SERVICE

I hereby certify that on April 30, 2012, a copy of the foregoing Joint Trial Memorandum with Appendix A through E was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> Emanuele Robert Cicchiello, Esq.
> Michael T. Petela, Jr., Esq.
> Michael J. Reilly, Esq.
> Cicchiello & Cicchiello, L.L.P.
> 364 Franklin Avenue
> Hartford, CT 06114
>
> ATTORNEYS FOR PLAINTIFF
>
>        */s/ Edward M. Richters*
> Edward M. Richters